IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT C. VILLARE, M.D., and | § | |
| DELAWARE VALLEY PHYSICIANS & | § | |
| SURGEONS, P.A., | § | No. 292, 2014 |
| | § | |
|     Plaintiffs-Below, | § | Court Below: |
|     Appellants, | § | Superior Court of the State of |
| | § | Delaware in and for |
|     v. | § | New Castle County |
| | § | |
| BEEBE MEDICAL CENTER, INC., | § | C.A. No. 08C-10-189 (JRJ) |
| | § | |
|     Defendant-Below, | § | |
|     Appellee. | § | |

Submitted: January 21, 2015
Decided: January 22, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **RIDGELY**, Justices.

**O R D E R**

This 22nd day of January 2015, after hearing oral argument and upon careful consideration of the record in this case, it appears to the Court that:

(1)    Plaintiff-appellant Robert C. Villare[1] appeals from a grant of summary judgment by the Superior Court to defendant-appellee Beebe Medical Center, Inc. ("Beebe").[2] Villare argues that Beebe's Medical Staff Policy on Appointment (the "Policy") establishes an enforceable contract, and thus the hospital was bound by the covenants of

---

[1] Villare is the sole shareholder and principal officer of Delaware Valley Physicians & Surgeons, P.A., a nominal appellant in this case, which did not assert a claim in this appeal.
[2] *Villare v. Beebe Med. Ctr., Inc.*, 2014 WL 1095331 (Del. Super. Mar. 19, 2014).

good faith and fair dealing, he was entitled to due process, and he was harmed as a result of Beebe's breach.

(2)     Villare's arguments raise the important question of whether, and if so, to what extent, hospital policies or bylaws that establish procedures for appointment and reappointment to the medical staff constitute enforceable contracts, an issue of first impression in Delaware.

(3)     We need not reach those important issues in this case because there are two independent, case-specific bases for affirmance.  We therefore neither embrace nor disclaim the Superior Court's determination that the Policy created no contractual rights, even of a procedural kind.  That important question is left open for a case that turns on its answer.  In this case, as the Superior Court found and Villare does not contest, Villare did not exhaust his administrative remedies under the Policy when he chose to bypass the proper procedure for contesting the denial of his reappointment.[3]  To the extent that the Policy was an enforceable contract, Villare would have been duty-bound to follow its requirements to pursue the remedies provided for physicians denied reappointment, including the specified appellate procedure.  It is not permissible for Villare to skip that step and instead pursue litigation.  If the Policy was a binding contract, Villare would also be bound; having ignored its provisions, he is now precluded from seeking relief.[4]

---

[3] *Id*. at *1, *3.

[4] *See* 23 WILLISTON ON CONTRACTS § 63:8 (4th ed. 2014) ("A party to a contract who is already personally in default cannot . . . maintain a suit for its breach, even if the other party subsequently breaches the contract as well."); RESTATEMENT (SECOND) OF CONTRACTS § 237 (1981) ("[I]t is a condition of each party's remaining duties to render performances to be

As the U.S. Supreme Court has observed: "When the parties have contractually committed themselves to mutually agreeable procedures for resolving their disputes during the period of the contract, we are of the view that those procedures should be afforded full opportunity to function."[5]

(4)    Moreover, because Villare sought damages rather than reinstatement of his surgical privileges at Beebe, he is required to prove the extent of those damages "by substantial evidence and not [leave it] to speculation."[6]   The Superior Court granted summary judgment on this point, correctly holding that, despite ample opportunity over six years of active litigation and knowledge of the importance of doing so, Villare failed to substantiate a sufficient claim for damages.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time.").

[5] *William E. Arnold Co. v. Carpenters Dist. Council of Jacksonville and Vicinity*, 417 U.S. 12, 16-17 (1974) (quoting *Collyer Insulated Wire*, 192 N.L.R.B. 837, 842-43 (1971) (internal quotation marks omitted)).  *See also Thompson v. Christiana Care Health System*, 25 A.3d 778, 785 (Del. 2011) (holding that notwithstanding Thompson's "frustrat[ion]" with the hospital's grievance process, she was not "absolve[d] [of] her obligation to exhaust all reasonable alternatives. . . .  A reasonably prudent employee desiring to maintain employment would have utilized the available procedures and protocols established by the employer . . .").

[6] *Re v. Gannett Co.*, 480 A.2d 662, 668 (Del. Super. 1984) *aff'd*, 496 A.2d 553 (Del. 1985) (citing 25A C.J.S. *Damages* § 162(2), § 162(4); 22 AM. JUR. 2D *Damages* § 172).